JULIUS KOPP v. MARIA M. KOPP and Others.

JOHN R. FOLEY, Purchaser, Appellant.

*Purchaser at a judicial sale — not bound to accept the title while a party claiming under a lease is in possession of the premises.*

A purchaser at a judicial sale is not obliged to accept the title where the premises are in possession of a tenant claiming under a lease thereof, nor is it any answer to his objection to complete his purchase (where it appears that the tenant was not a party to the partition suit in which the sale was directed to be had, and was, therefore, not precluded by the judgment therein), that the lease under which the tenant holds possession was not made by any person having authority to make it, and was, therefore, void.

The fact that the tenant is merely a squatter, and could be ejected summarily, does not change the rights of the purchaser, who is entitled to the possession of the premises, without being obliged to take proceedings for the removal of any one who is in occupation thereof.

A purchaser must be able to get possession by virtue of the decree; and if independent proceedings are necessary, in order to secure him such possession, he is not required to take them or to complete his purchase.

APPEAL from an order, made at the New York Special Term in the above entitled action, requiring John R. Foley, the purchaser at a sale for partition, to complete his purchase of the premises No. 271 William street, in the city of New York.

The premises in question were purchased by John R. Foley at a sale had pursuant to a decree in an action for the partition thereof. Said Foley subsequently declined to complete his purchase, claiming that the property was incumbered by a lease to one Charles H. Lilly, whereupon an order was made requiring him to complete such purchase, from which order this appeal was taken.

*Thomas Darlington,* for the appellant.

*A· P. Hilton,* for the respondent.

VAN BRUNT, P. J. :

There does not seem to be any ground for interference with the order of the court below because of the misrepresentations claimed to have been made at the sale. The objection of the purchaser, however, that the premises are in the possession of a tenant under a lease for five years, who is not a party to the action, seems to be fatal to the right of the court to compel him to complete. The purchaser is not bound to take the title unless he can be put into possession under the decree of sale. In the case at bar the party in possession is not a party to the action, and is not bound by the provisions of the decree. The purchaser to obtain possession must bring ejectment in order to oust this tenant.

It is no answer to this objection that the lease under which the tenant holds possession was not made by any person having authority in law or otherwise to make it, and was, therefore, void. The tenant has the right to be heard upon this question, and a purchaser should not be compelled to take title and then be called upon to fight for the possession with a possessor, not a party to the action

and therefore not bound by the decree. The parties who conducted this action could easily have obviated this difficulty by making the person in possession a party to the action, which should always be done in foreclosure and partition. If the tenant had been a party, the purchaser could have ejected him at once by virtue of the provisions of the decree requiring possession to be surrendered. The purchaser, however, in the case at bar cannot obtain possession except by independent proceedings, and he is not bound to run the hazard of defeat in such proceedings, neither is he bound to incur the expense. It is urged that the tenant, being merely a squatter, he could be ejected summarily under subdivision 4 of section 2232 of the Code. This devolves the burden upon the purchaser to establish the fact that the tenant is merely a squatter by independent proceedings, which task he is not bound to undertake. A purchaser must be able to get possession by virtue of the decree, and if independent proceedings are necessary he should not be required to take.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion made denied.

BRADY and DANIELS, JJ., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements.