## WARREN et al. v. BANNING.

(Supreme Court, General Term, First Department. January 13, 1893.)

1. SALES BY EXECUTOR—DEFECTIVE TITLE—RECOVERY OF EARNEST MONEY.
   An executor contracted to sell land, when his right to sell under the power in the will was involved in two litigations, in one of which a receiver had been appointed, without whose discharge the vendee could not obtain possession; and in the other suit it was contended that the estate of the executor's testator had been settled, and that the devisees had elected to hold the land, as such, in which case the power of sale would be extinguished. *Held* that, as the executor knew all these facts, a failure to disclose which would have been a good defense to a suit brought by him to compel the vendee to complete his purchase, they were sufficient to sustain an action by the vendee to recover money paid on the contract.

2. SAME—MISREPRESENTATIONS—PERSONAL LIABILITY.
   Though the vendee was injured by the misrepresentations and concealments of the executor acting in a representative capacity, yet the failure to disclose what he should have made known was his personal act, for which he was personally liable, and therefore a judgment against him individually was justified.

Appeal from special term, New York county.

Action by Mary C. Warren, as executrix, and George H. Warren and Lloyd Warren, as executors, of George Henry Warren, deceased, against William C. Banning, individually, and sole surviving executor of the last will and testament of Abner Mellen, deceased. From a judgment for $38,055.92 damages, and costs, entered on the decision at special term, defendant appeals. Affirmed.

This action was brought to recover $32,064.16, the amount paid by the plaintiffs' testator to the defendant on a sale of real estate; $45, auctioneer's fees; and $1,085, expenses of examination of title,—on the ground that the title thereto was defective, and that the defendant was guilty of bad faith in making the sale without disclosing the fact that litigations in respect to the title were then pending. May 27, 1887, Abner Mellen died seised in fee of No. 204 Fifth avenue, and of other real estate. He left surviving Helen L. Mellen, widow; Abner Mellen, Jr., son; Maria L. Kendall, daughter; and Abner M. Wilcox, grandson, who is the son of a deceased daughter,—his next of kin and heirs at law. He left a will which contains, among others, the two following clauses: "Fifth. All the real estate of which I shall die seised and possessed, or to which I shall be entitled, at the time of my decease, I give and devise and bequeath unto my wife, Helen L. Mellen, and my three children, Abner Mellen, Junior, Maria L. Kendall, and Helen J, Banning, share and share alike, to them, their heirs and assigns, forever." "Eighth: I hereby give full power and authority to my said executrix and executors, or whichever of them shall qualify, and the survivors and survivor of them, for the purposes of a division or distribution, or for any other purpose that they, in their best judgment, may think proper, to grant, alien, sell, and convey, either at public or private sale, all or any real estate owned by me, or to which I shall be entitled, or in which I shall have any interest, at the time of my decease, and to apply the proceeds of such sale or sales in conformity to the provisions of this, my last will and testament." June 15, 1887, the will was probated, and letters thereon were issued to Helen L. Mellen, Abner Mellen, Jr., and William C. Banning, the persons nominated as executors by the testator, who entered upon the execution of the trust. September 28, 1888, Helen L. Mellen died intestate, leaving said Abner Mellen, Jr., Helen J. Banning, and Maria L. Kendall, her children, and Abner M. Wilcox, a grandson, the child of a deceased daughter, her next of kin and heirs. On the death of the widow each of the three children became entitled to an undivided five sixteenths and the grandson to an undivided one sixteenth of the realty of which Abner Mellen, Sr., died seised. November 5, 1888, Abner Mellen, Jr., conveyed his five sixteenths to Lawrence E. Ellis, who on the same day conveyed the same interest to Sarah E. Mellen, the wife of Abner Mellen, Jr. Both deeds were duly recorded November 28, 1888, in the office of the register of the city and county of New York. On the 30th of November, 1888, Sarah E. Mellen began an action in the supreme court for the partition or sale of the real estate in question, and of all that Abner Mellen, Sr., died seised. Abner Mellen, Jr., Maria L. Kendall, Helen J. Banning, William C. Banning, Abner M. Wilcox, and Winnifried, his wife, were parties defendant. The complaint and notice of the pendency of the action were filed December 1, 1888, and all of the defendants appeared and answered except Abner Mellen, Jr. January 17, 1889, a receiver of the rents and profits was appointed, of all the lands involved in the partition action. On the 6th day of March, 1890, Abner Mellen, Jr., died intestate, leaving Sarah E. Mellen, widow, and three minor children, Gordon McKay Mellen, Stanley Mellen, and Evelyn Mellen, his only next of kin and heirs. March 27, 1890, Maria L. Kendall began an action in the supreme court against Sarah E. Mellen, Gordon McKay Mellen, Stanley Mellen, and Evelyn Mellen, to set aside the conveyance of Abner Mellen, Jr.'s, five-sixteenths interest to Sarah E. Mellen, on the ground that it was fraudulent and void as against creditors. March 31, 1890, the complaint and notice of the pendency of this action were filed in the clerk's office, and afterwards the defendants appeared and answered. April 2, 1890, Sarah E. Mellen began an action against William C. Banning, as the executor of the last will of Abner Mellen, Helen J. Banning, Maria L. Kendall, Abner M. Wilcox, and Winnifried his wife, Gordon McKay Mellen, Stanley Mellen, and Evelyn Mellen, for the purpose of having it adjudged that the power of sale had become inoperative by reason of the fact that the estate had been settled, all of the debts and legacies paid, and that the devisees had agreed to hold the lands, as such, instead of the proceeds of their sale. The complaint and a notice of the pendency of this action were filed April 8, 1890, in the clerk's office. This being the situation of the title, the defendant advertised that he would sell the property at auction on the 17th of April, 1890, free from all incumbrance, excepting party-wall rights, rights of lessees in occupation, and a mortgage of $50,000. The defendant did not disclose the fact that the title to the property was involved in litigation; and the plaintiffs' testator purchased it, without notice thereof, for $270,000 over and above the mortgage, and paid down $32,064.16. It was agreed that the conveyance should be made, and the purchase price paid, May 1, 1890; but it was subsequently postponed to May 12,

1890, when the plaintiffs' testator finally rejected the title, and refused to pay the remainder of the purchase price, because of the litigation pending, and afterwards brought this action to recover his deposit, and the expense of searching the title.

Argued before O'BRIEN, P. J., and BARRETT and FOLLETT, JJ.

George Hill, for appellant.

De Witt, Lockman & De Witt, (Theodore De Witt and George G. De Witt, of counsel,) for respondents.

FOLLETT, J.   It is settled in this state that the equitable rules applicable to a suit to compel a vendee to specifically perform his executory contract to purchase land are also applicable to an action at law brought by him against his vendor, to recover money paid on such a contract, on the ground of the inability of the vendor to vest the vendee with a good or marketable title.   Moore v. Williams, 115 N. Y. 586, 22 N. E. Rep. 233; Methodist E. C. Home v. Thompson, 108 N. Y. 618, 15 N. E. Rep. 193; Burwell v. Jackson, 9 N. Y. 535–542.   Under this rule, facts which would be a good defense to a suit in equity brought to compel a vendee to take the title are sufficient to sustain an action at law brought by him to recover from his vendor money paid on an executory contract.   Another rule should be brought to mind before entering upon the consideration of the rights of these litigants, which is that a party to an executory contract for the sale of land has not an absolute right to a specific performance of the contract, but such relief is granted or refused according to the circumstances of each case.   Peters v. Delaplaine, 49 N. Y. 362; Day v. Hunt, 112 N. Y. 191, 19 N. E. Rep. 414; Hayes v. Nourse, 114 N. Y. 595–605, 22 N. E. Rep. 40; Fry, Spec. Perf. (3d Amer. Ed.) p. 10, § 25; Pom. Spec. Perf. p. 4, § 4; Id. p. 47, § 35; Story, Eq. Jur. (13th Ed.) §§ 161–742.

At the time the sale was made the right of the defendant to sell under the power in the will was involved in two actions, which were being then actively litigated,   In one of them a receiver of the rents and profits of this and other lands had been appointed, with the assent of the parties to the action; was in possession, through tenants, who had been directed to attorn to him.   By the printed terms of sale the purchaser was to become entitled to the rents and profits from and after the date of the acceptance of the deed.   It is not apparent how the plaintiffs' testator could have acquired the possession of the property, or the right to collect the rents and profits, without procuring, through the aid of the courts, a discharge of the receiver.   This the purchaser was under no obligation to do.   Kopp v. Kopp, 48 Hun, 532, 1 N. Y. Supp. 261.   It was averred on the one side, in these actions, and denied on the other, that the estate of Abner Mellen, Sr., had been settled, the debts and legacies paid, and that the devisees mentioned in the fifth clause of the will had elected to hold the land, as such.   This was an issue of fact to be determined by oral evidence.   If it is true that the estate had been entirely settled, and the devisees had elected to hold the land, as such, the power of sale was extinguished.   Sweeney v. Warren, 127 N. Y. 426, 28 N. E. Rep. 413.   A prudent person, with knowledge of the litiga-

tion pending in respect to this property, would neither have purchased it at a fair price, nor loaned any considerable sum of money secured by a mortgage upon it. The defendant had personal knowledge of all these facts, which, he must have known, would, if brought to the attention of persons proposing to purchase, have affected the price of the property. Upon the trial of this action the defendant was a witness on his own behalf. He did not claim to have disclosed the situation of the property, nor did he offer any explanation of his conduct. He did not testify that the estate of the testator had not been settled, nor that the sale was made for the purpose of settling the affairs of the estate. The failure of the defendant to disclose these facts and circumstances would have been a good defense to a suit brought by him to compel the vendee to complete his purchase. Shiringly v. Stratton, 1 Brown, Ch. 440; Drysdale v. Mace, 5 De Gex, M. & G. 103; Cathcart v. Robinson, 5 Pet. 263–275; Miller v. Chetwood, 2 N. J. Eq. 199; Margraf v. Muir, 57 N. Y. 155; Jones v. Rimmer, 14 Ch. Div. 588; Livingston v. Iron Co., 2 Paige, 390; Dart, Vend. (6th Ed.) 112; Baskcomb v. Beckwith, L. R. 8 Eq. 100. In the last case Lord Romilly said:

"It is of the greatest importance that it should be understood that the most perfect truth and the fullest disclosure should take place in all cases where the specific performance of a contract is required, and that if this fails, even without any intentional suppression, the court will grant relief to the man who has been thereby deceived, provided he has acted reasonably and openly."

An attempt is made to bring the case at bar within the rule laid down in Hayes v. Nourse, 114 N. Y. 595, 22 N. E. Rep. 40, but the facts in the two cases are entirely dissimilar. In the case cited the notice of the pendency of the action related to a suit in which no steps had been taken for 46 years, and for 61 years the vendor and his predecessors in the title had been in the undisputed possession of the property. Under the rule declared in Moore v. Williams, supra, and kindred cases, the plaintiffs established the right to recover the money paid on the contract, and the expense incurred in searching the titles.

The general rule is that, in case a person refuses to pay money to one entitled to it, the person in default is chargeable with the legal rate of interest as damages, and we see no reason why this rule should not be applied in this case. The seventh clause of the conditions of sale exempts the vendor from the payment of interest on the deposit during the time that may elapse between the date of the deposit and the execution of the contract, but it does not relieve him in case of his inability to carry out the contract, and the vendee becomes entitled to a return of his money. The general rule is that executors are personally liable on contracts entered into by them in respect to the estate of their testators. New v. Nicoll, 73 N. Y. 127. But, without discussing the question of liability of those acting by virtue of powers, it is sufficient to say that a person acting in a representative capacity is liable to the person injured by his misrepresentation or concealment when it is his duty to speak. Cullen v. Thompson, 4 Macq. H. L. Cas. 441, 9 Jur. (N. S.) 85; Evans, Prin. & Ag. 390. The vice of this contract lies in the failure of the defendant to disclose that which it was his duty to make known, which

was his personal act, and for which he is liable to the party injured. We have not failed to observe that the 26th and 30th paragraphs of the complaint were stricken out on the trial, and that the case is to be treated as though those allegations had never been made.   Section 1815 of the Code of Civil Procedure provides that when it is uncertain whether an executor is liable as such, or individually, an action may be brought against him in both capacities, and a judgment rendered against him as executor or individually, but that in such a case the judgment must distinctly show in which capacity the defendant is adjudged liable. The facts of this case justified a judgment against the defendant individually.

None of the exceptions taken to the rulings on the trial, or to the refusals of the court to find facts and conclusions of law, have any merit, and they require no discussion.   The judgment is right, and it should be affirmed, with costs.   All concur.