(22 App. Div. 470.)

### CLIFFORD et al. v. MORRELL.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. POWERS UNDER WILL.

Testator directed that "such part of his real estate as could not be equally partitioned" be sold by his executor. Among other property, he owned a one-ninth undivided interest in certain beach lots. *Held*, that as to this interest the power and duty to sell was imperative, and so devolved on the administrator with the will annexed.

**2. SAME—SALE OF LAND.**

A testamentary direction that an appraisal by the executor shall precede a sale of property under a power created by the will does not necessarily make the appraisal a positive prerequisite to the exercise of the power, nor so connect it therewith as to make the power discretionary, and so not exercisable by an administrator with the will annexed.

**3. SAME—EFFECT OF LAPSE OF TIME.**

The fact that 29 years have elapsed since the probate of a will does not constitute any objection to the exercise of power to sell real property, if the duty to exercise it still exists.

Submission of controversy without action, under Code Civ. Proc. § 1279, between Margaret D. Clifford and Emanuel G. Bullard, administrators with the will annexed of Jeremiah Cornwell, deceased, plaintiffs, and Mary C. Morrell, defendant. Judgment for plaintiffs.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, BARTLETT, and HATCH, JJ.

E. F. Bullard, for plaintiffs.
Robert P. Orr, for defendant.

WILLARD BARTLETT, J. The plaintiffs, as administrators with the will annexed of Jeremiah Cornwell, deceased, have entered into a written contract with the defendant, by which they have agreed to sell and convey to her one undivided ninth of certain parcels of land at Far Rockaway, in the county of Queens, for the sum of $60. Those parcels belonged to Jeremiah Cornwell at the time of his death, in 1868. Doubts have arisen as to the power of the administrators to convey a marketable title to the property, under the terms of Mr. Cornwell's will, and it is to resolve those doubts that this controversy has been submitted. By his will, Jeremiah Cornwell directed the executor named therein, in conjunction with some other disinterested person chosen by him, to appraise at its true and fair value all the testator's estate, both real and personal, and declared that the value thus ascertained should be binding and conclusive upon all parties interested in his will. Of all his "said estate so appraised and valued," less a deduction not material here to be considered, he devised and bequeathed two equal third parts to his wife absolutely, and the remaining one-third to his son for life, and upon the death of his said son to his son's child or children and to the issue of such child or children. The fifth article of the will is in these words:

"I hereby direct that such of my real estate as can be equally partitioned between the devisees in this my will named, regard being had to the value thereof, shall be so partitioned by my said executor, and such part of my real estate as cannot be equally partitioned I hereby direct to be sold, and the proceeds of such sale to be divided; and I hereby give unto my said executor full authority to make, execute, and deliver all necessary deeds and conveyances in the law, for the purposes of such partition or sale."

The widow survived until 1882, retaining the ownership of the real estate which she took under her husband's will, and by her will she devised an undivided half thereof in fee to each of her two daughters. One of these daughters has since died intestate, leaving three children. The son of Jeremiah Cornwell is still living, at the age of 67, and has 7 children, 5 of whom are infants. The plain-

tiffs, as administrators with the will annexed, have succeeded the executor, who qualified under the will.

The objection that they cannot exercise the power of sale is not well taken. It is true that, where a discretionary power to sell is conferred upon executors, that power cannot be exercised by an administrator with the will annexed. Greenland v. Waddell, 116 N. Y. 234, 240, 22 N. E. 367. That rule, however, does not apply where the power of sale is imperative, and its exercise involves no element of personal discretion. Mott v. Ackerman, 92 N. Y. 539, 553, 554. Such is the case here. The fifth article of Jeremiah Cornwell's will directs an equal partition of such of the testator's real estate as can be partitioned by his executor. As to such portion as cannot be so partitioned, it directs a sale and a division of the proceeds. This direction is clear and positive with reference to the real estate which should be incapable of partition by the executor. It is in no sense a discretionary power of sale. The testator's interest in the beach lots at Far Rockaway, forming the subject of this controversy, plainly fall within the scope and operation of the power. The testator was the owner, not of the entire property, but only of one undivided ninth part thereof. It is manifest, therefore, that no partition of this undivided interest, which the testator owned in common with outside parties, could possibly be made by his executor among the devisees under the will. Hence the power of sale made it the duty of the executor to sell such interest, and this duty has devolved upon the administrators with the will annexed.

The direction for an appraisal contained in the earlier part of the will was not carried out by the executor, who died some time prior to 1895. While the testator undoubtedly contemplated and desired that such appraisal should precede any partition or sale of the real estate, it does not seem to me to be a positive prerequisite to the exercise of the power, or to be so connected therewith as to make the power discretionary, and hence one which cannot be executed by the administrators with the will annexed. Nor is it a valid objection to the exercise of the power that the will creating it was admitted to probate 29 years ago. The power still remains unexecuted, and the obligation to execute it still rests upon those charged with the administration of the estate, the devisees having taken such interest in the testator's real property as they derived under the will subject to the execution of the power. The administrators were appointed only in January of the present year, and have acted with reasonable promptitude, as they made their contract to sell to the defendant in June.

I find nothing in the agreed statement of facts to justify the defendant in refusing to take title, and think the plaintiffs should have judgment directing the specific performance of the contract. All concur.