## BULLARD v. BICKNELL.

(Supreme Court, Appellate Division, Second Department. February 11, 1898.)

SPECIFIC PERFORMANCE—LAND IN POSSESSION OF THIRD PERSON.

    Irrespective of whether Real Property Law, § 225 (1 Rev. St. p. 739, § 147), declaring void a grant of real property in actual possession of one claiming under a title adverse to the grantor, applies to a grant by an executor under a power contained in a will (which question is not passed upon), a vendee of such an executor, like any vendee, cannot be compelled to perform a contract for the purchase of land, where, at the time fixed for the performance of the contract, such land is actually possessed and occupied by the parties claiming title and the right of possession adversely to the vendor and those from whom the vendor's claim of title is derived, and where, accordingly, the vendor cannot put the vendee peaceably into undisturbed possession.

Controversy submitted on an agreed statement of facts, between Emanuel J. Bullard, as surviving administrator of Jeremiah Cornwell, deceased, and Henry G. Bicknell. Judgment for defendant.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

E. F. Bullard, for plaintiff.
Wm. Douglas Moore, for defendant.

WILLARD BARTLETT, J. The plaintiff is the surviving administrator with the will annexed of Jeremiah Cornwell, deceased. Some of the provisions of that will were under consideration by this court in the case of Clifford v. Morrell, 22 App. Div. 470, 48 N. Y. Supp. 83. By virtue of the power of sale then upheld, the plaintiff, on or about December 3, 1897, made a contract, as such administrator, to sell and convey to the defendant, and the defendant agreed to purchase upon receiving a valid conveyance thereof, an undivided ninth part of two certain lots of land at Far Rockaway, in the town of Hempstead, and county of Queens, of which undivided ninth the said Jeremiah Cornwell is alleged to have been the owner in fee at the time of his death. It appears, however, that the whole of said two lots are in the adverse possession of the grantees of Jefferson M. Levy, who, about the year 1887, made improvements thereon, and ousted the heirs and devisees from the possession thereof, and have ever since been in the actual occupation of the same, claiming title thereto in hostility to the said devisees of Jeremiah Cornwell, and to the descendants of such devisees and to the plaintiff. The purpose of this action by the vendor is to enforce against the vendee the specific performance of his contract to purchase the undivided ninth of the said lots. By section 225 of the Real Property Law (Laws 1896, c. 547), re-enacting the similar provision of the Revised Statutes (1 Rev. St. p. 739, § 147), a grant

of real property is declared to be absolutely void "if at the time of the delivery thereof, such property is in the actual possession of a person claiming under a title adverse to that of the grantor"; and the entire argument of the learned counsel for the plaintiff is devoted to the proposition that this statutory provision does not apply to a sale by an executor (or an administrator with the will annexed) under a power contained in a will. The question is an interesting one, but it cannot properly be determined in this case, for the reason that the record presents an insuperable objection to the rendition of the judgment demanded by the plaintiff, even if we should agree with him as to the nonapplication of the section. We are of the opinion that a vendee cannot be compelled in equity to perform a contract for the purchase of land where, at the time fixed for the performance of the contract, such land is actually possessed and occupied by parties claiming title and the right of possession adversely to the vendor and those from whom the vendor's claim of title is derived. Mr. Justice Fry, in his well-known treatise on Specific Performance, declares that the court will never compel a purchaser to take a title where the purchase would expose him to the hazard of litigation; or, as is after said, the court will not compel him to buy a lawsuit. Fry Spec. Perf. (Am. Ed.) § 580, marg. p. 256. It necessarily follows that the court will not oblige him to incur the certainty of litigation, as would be the case here. A contract to sell and convey cannot be fulfilled by the conveyance of a mere right to bring ejectment for the recovery of the land. King v. Knapp, 59 N. Y. 462. In Shriver v. Shriver, 86 N. Y. 575, 584, the court of appeals approves the rule laid down in Price v. Strange, 6 Madd. 159, that a purchaser is not to take a property which he can acquire in possession only by litigation and judicial decision; "which is equal to saying," remarks Folger, C. J., "nor one the possession of which he must thus defend." To the same effect is Vought v. Williams, 120 N. Y. 253, 24 N. E. 195, where Brown, J., says that a purchaser is not to be compelled to take property the possession of which he may be compelled to defend by litigation. And finally we have a case directly in point in Kopp v. Kopp, 48 Hun, 532, 1 N. Y. Supp. 261, where the general term of the First department reversed an order compelling a purchaser at a partition sale to complete his purchase. His objection was that the premises were in the possession of a tenant, not a party to the action, who was in occupation of the property under a five-years lease. This objection was held to be fatal to the right of the court to compel the purchaser to complete. "The purchaser is not bound to take the title," said Van Brunt, P. J., "unless he can be put into possession under the decree of sale." So here we think the vendee is not bound to take the title unless the vendor can put him peaceably into undisturbed possession, which confessedly he cannot do.

For these reasons, the defendant is entitled to judgment in his favor upon the agreed statement of facts. All concur.