(26 App. Div. 462.)

CARPENTER et al. v. BONNER et al.

(Supreme Court, Appellate Division, Second Department.   March 15, 1898.)

1. ADMINISTRATOR WITH WILL ANNEXED—POWERS.
    An administrator with the will annexed may exercise a testamentary
    power to sell real property where no element of personal discretion is involved, and the power of sale is imperative, under a fair construction of the
    will.

2. SAME—SALE OF REALTY.
    ·The fact that a will empowers the executors to sell real property "at their
    discretion" does not deprive the power of its imperative character where it
    appears from the entire will that the reference to discretion related to the
    time and circumstances of sale, and not to the question of selling or not selling.

Appeal from special term.

Action by Charles W. Carpenter and Walter Carpenter, executors
of Eliza Carpenter, against Thomas J. Bonner and others.   Charles
W. Carpenter, as purchaser on foreclosure, appeals from an order requiring him to complete his purchase.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Charles N. Wells, for appellant.
Frost & Manser, for respondents.

WILLARD BARTLETT, J.   The title to the premises which the
appellant purchased on the foreclosure sale in this action depends upon

the validity of a sale made by Coleridge A. Hart, as administrator with the will annexed, under a power of sale contained in the will of his father, Gilbert B. Hart, deceased. The rule in regard to the exercise of such a power by an administrator with the will annexed was recently considered and applied by this court in the case of Clifford v. Morrell, 22 App. Div. 470, 48 N. Y. Supp. 83. There is no objection or obstacle to its exercise by such an administrator where no element of personal discretion is involved, and the power of sale is imperative, under a fair construction of the will. In the present case it is not necessary to review at length the various provisions of the long will in which the power is contained. It is enough to say that we deem the direction in the second article, in respect to the sale and conversion of the real estate and the investment of the proceeds, sufficiently absolute and mandatory to authorize the exercise of the power by an administrator with the will annexed, in default of its exercise by the executors named in the will. It is true that the testator empowers his executors, "at their discretion," to sell and convert all his real estate; but the context leaves no doubt that this phrase was merely intended to relate to the time at which and the circumstances under which a sale might be made, and was not designed to vest them with any discretion whatever as to the question whether they should sell or should not sell. The testator manifestly intended that his real estate should be sold, and that the proceeds should be invested in three separate funds. At the same time, he left his executors at liberty to determine the precise time when the sale should be made, and left them at liberty to make it under such circumstances as should be most favorable to the parties interested.

We find nothing in the tenth article, authorizing the executors to make needful repairs on the real estate, or in any other part of the will, which cannot readily be harmonized with the view we have taken of the character of the power conferred by the second article. We entertain no doubt that the sale by the administrator with the will annexed conveyed a good title, and we think the purchaser should be required to complete his purchase.

The order appealed from should be affirmed. All concur.