(101 App. Div. 97)

## AYERS v. COURVOISIER.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. WILLS—CONSTRUCTION—SALE OF REALTY.

Where testator devised the use of certain of his real estate to his son and his wife for life, to be sold at their death, and the proceeds divided among the son's children, and also provided that in case the son and his wife elected not to reside on the property, or refused to pay taxes or make repairs thereon, the executor was authorized to sell the same and invest the proceeds for the benefit of the son and his wife for life, and after their death to divide the same among the son's children, the will contained a mandatory direction to the executor to sell the property on the refusal of the son and his wife to pay taxes and make repairs thereon.

2. SAME—ADMINISTRATOR WITH WILL ANNEXED.
    Where a will contained a mandatory direction to testator's executor to
    sell certain of his real estate on a certain contingency, without discre-
    tion, such power could be properly exercised by an administrator with the
    will annexed.

Appeal from Trial Term, Rockland County.

Action by Samuel Ayers against George Courvoisier, as adminis-
trator with will annexed of Garret Sarvent, deceased.. From a judg-
ment dismissing the complaint on the merits, plaintiff appeals. Af-
firmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, and HOOKER, JJ.

A. S. Tompkins, for appellant.
Benjamin Levison, for respondent.

HOOKER, J.    The question presented by this appeal is whether or
not, under the terms of the second clause of the will of Garret Sarvent,
the administrator with the will annexed had power to sell the home-
stead plot.    If he had such authority, the judgment must be affirmed;
otherwise not.    The second clause of his will reads as follows:

    "It is also my will and I do hereby order and direct that my homestead
    plot * * * remain unsold and that my son Charles A. Sarvent and
    Carrie his wife have the free use, occupation and control of the same during
    their natural lives or the life of either, they, however, to pay all taxes accru-
    ing thereon and to keep the same in repair so long as they desire to use and
    occupy the same, and at the death of said Charles A. and Carrie, his wife, I
    order and direct that my executors sell the same giving good and sufficient
    deed or deeds to the purchaser or purchasers thereof, and that the proceeds
    arising from the sale thereof be divided between the children of my said son
    Charles A. Sarvent equally share and share alike.    Should my son, Charles
    A. and Carrie his wife not desire to occupy said premises and pay the taxes
    and make no repairs as aforesaid or refuse to pay said taxes or make said
    repairs, then and in that event I authorize my executor to sell the same and
    invest the proceeds thereof and pay the income thereof to said Charles A.
    Sarvent and Carrie his wife during their natural lives, and after their death
    to divide the proceeds between the children of Charles A. Sarvent equally
    share and share alike."

There was abundant proof upon the trial that, before the plaintiff
contracted to purchase this property, Charles A. Sarvent did not de-
sire to occupy the premises, pay the taxes, and make repairs, and
had actually refused to pay the taxes and make repairs on the premises.
The scheme of this clause of the will seems quite clearly to be that
Charles A. Sarvent and his wife should have the beneficial use of the
homestead, or the proceeds from its sale, during their lives, and that
the remainder should go to their children.    The executors by this
clause of the will were absolutely directed to sell the homestead upon
the death of Charles A. Sarvent and Carrie, his wife, and under the
authorities to which attention will be called, it cannot be doubted, in
respect to the sale after the death of Charles A. and Carrie, that the
administrator with the will annexed would have had abundant power
and authority to convey.    Although the testator used the word "au-
thorized" in respect to his executor selling the premises in case Charles
A. and Carrie do not desire to occupy, and refuse to pay taxes and

make repairs, the term must be considered, in the light of the whole scheme of that clause of the will, to have been used in a mandatory sense.   It is clear that the testator had in mind and intended that there should be no waste of the homestead plot, and that his son Charles and wife should occupy and make repairs and pay taxes, or otherwise should obtain the income from the proceeds of the sale of the home- · stead plot.   If no mandatory direction to exercise a power of sale was given to the executor, waste of the premises was almost sure to follow. Either the taxes would remain unpaid, and the property be sold to satisfy them, or the place would go to ruin for want of repair.   No discretion as to whether or not a sale should be made was contemplated by the use of the term "authorized."   The intent of the testator was to direct that the same should be sold in case his son refused to pay the taxes and make repairs.   The rule as to the power of an administrator with the will annexed to sell property under a power of sale was recently discussed in this department in Carpenter v. Bonner, 26 App. Div. 462, 50 N. Y. Supp. 298, where Mr. Justice Bartlett said (page 463, 26 App. Div., page 298, 50 N. Y. Supp.):

"The title to the premises which the appellant purchased on the foreclosure sale in this action depends upon the validity of a sale made by Coleridge A. Hart, as administrator with the will annexed, under a power of sale contained in the will of his father, Gilbert B. Hart, deceased.   The rule in regard to the exercise of such a power by an administrator with the will annexed was recently considered and applied by this court in the case of Clifford v. Morrell, 22 App. Div. 470, 48 N. Y. Supp. 83.   There is no objection or obstacle to its exercise by such an administrator where no element of personal discretion is involved, and the power of sale is imperative under a fair construction of the will.   In the present case it is not necessary to review at length the various provisions of the long will in which the power is contained.   It is enough to say that we deem the direction in the second article, in respect to the sale and conversion of the real estate and the investment of the proceeds, sufficiently absolute and mandatory to authorize the exercise of the power by an administrator with the will annexed, in default of its exercise by the executors named in the will.   It is true that the testator empowers his executors, 'at their discretion,' to sell and convert all his real estate; but the context leaves no doubt that this phrase was merely intended to relate to the time at which, and the circumstances under which, a sale might be made, and was not designed to vest them with any discretion whatever as to the question whether they should sell or should not sell.   The testator manifestly intended that his real estate should be sold, and that the proceeds should be invested in three separate funds.   At the same time he left his executors at liberty to determine the precise time when the sale should be made, and left them at liberty to make it under such circumstances as should be most favorable to the parties interested."

See Greenland v. Waddell, 116 N. Y. 234, 22 N. E. 367, 15 Am. St. Rep. 400; Mott v. Ackerman, 92 N. Y. 539.

The provisions of the clause under consideration did not involve the personal discretion of the executors, and hence our conclusion is that the administrator with the will annexed had authority, under the power of sale contained in the will, to make the sale of the homestead plot to the plaintiff, and that the judgment should therefore be affirmed.

Judgment affirmed, with costs.   All concur.