(124 App. Div. 607.)

### McGARRY v. McMAHON.

(Supreme Court, Appellate Division, First Department.   March 6, 1908.)

EXECUTORS AND ADMINISTRATORS—ADMINISTRATOR WITH WILL ANNEXED—POWER TO CONVEY.

Under Code Civ. Proc. § 2613, providing that, where letters of administration with will annexed are granted, the will shall be observed and performed, and that the administrators in executing the wills shall have the rights and powers, and be subject to the same duties as if they were executors, good title was conveyed by the deed of the administrator of a will annexed under a will directing the executors to sell the land to pay the bequests and to distribute the remainder among the residuary legatees; there having been an equitable conversion of the land into money for the payment of legacies and distribution, and a direct command to sell, without any personal discretion confided in the executors.

Submitted controversy between Frank McGarry and James McMahon. Judgment for plaintiff.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

J. J. Kramer, for plaintiff.
Louis E. Felix, for respondent.

HOUGHTON, J. The plaintiff agreed to convey to the defendant certain real property, and the defendant refused to accept the conveyance on the ground that the title was not marketable, in that the administrator with the will annexed of Catherine Striegel, deceased, a former owner, had no power to convey.

The stipulated facts show that Catherine Striegel died seised of the property in question in January, 1894, leaving a last will and testament which was duly admitted to probate. An executor and executrix were named in the will. The executor died prior to the testatrix, and the executrix qualified and partially administered the estate, when she also died. Thereupon an administrator with the will annexed was duly appointed, who, for the purpose of paying legacies, sold and conveyed the real property, the title to which is now questioned; it being the only property out of which they could be paid.

The will, after making provision for the payment of debts and funeral expenses, made 13 specific bequests amounting to $4,200, to pay which there was but $2,000 of personalty. The clause of the will directing conveyance by the executors for the purpose of distribution and payment of legacies previously given is as follows:

"Twelfth. The balance, if any, I request and direct my executors to divide and distribute in equal shares among Margaret Brown, John Simon and Mary Kreusel above named and all of the city, county and state of New York, and Barbara Merk in Europe. I here appoint Wiliam Lanzer and Mrs. Elise Schloeder both of the city, county and state of New York, to be executors of this my last will and testament; hereby revoking all former wills and I do hereby authorize and empower my executors, William Lanzer and Mrs. Elise Schloeder, to sell all my real estate to pay the above bequests."

Power to sell the real estate for the purpose of paying the legacies provided by the will and the distribution of any balance amongst the residuary legatees clearly passed to the administrator with the will annexed. Section 2613 of the Code of Civil Procedure provides that, where letters of administration with the will annexed are granted, the will of the deceased shall be observed and performed; and the administrators, in carrying out such will, have the rights and powers, and are subject to the same duties as though they had been named as executors therein. There was no discretion given to the executors named. They were directed to sell the real property for the purpose of paying the bequests of the will, and of dividing and distributing the remainder amongst the residuary legatees. There was an equitable conversion of the land of which the testatrix might die seised into money for the purpose of payment of legacies and distribution. Where there is such an equitable conversion and a direct command to sell without any personal discretion confided in the persons named as executors, an administrator with the will annexed has power to convey and his deed in proper form conveys good title. Mott v. Ackerman, 92 N. Y. 539; Carpenter v. Bonner, 26 App. Div. 462, 50 N. Y. Supp. 298; Clifford v. Morrell, 22 App. Div. 470, 48 N. Y. Supp. 83. The plaintiff obtained good title through his deed from the administrator with the will annexed, and the defendant's refusal to complete his contract was unjustified.

Judgment should be directed for plaintiff requiring the defendant to perform his contract, but under the stipulation, without costs. All concur.