SMITH v. BUSH et al.

(Supreme Court, Equity Term, Genesee County. June 23, 1908.)

1. WILLS—CHARGING LEGACY ON LAND—PROPRIETY.
    Whether a legacy is charged upon a testator's land depends upon his intention, a general legacy being presumed not to be so charged in the absence of an express direction to that effect, but, if his intention as gathered from the will, interpreted in the light of extrinsic facts, to so charge such legacies, is clearly inferable, that is sufficient.

2. SAME.
    Testator devised his property to his widow for her support and appropriated the principal to her benefit should she desire any part of it for her support, and provided that at her death his nephews, etc., should receive legacies amounting to $600. At the time of making the will he owned land worth $700 or $800, and personalty worth $2,800, and had no debts. Nearly all of the personalty was expended in the widow's support. Held, that testator foresaw that the personalty would be used for his widow's support, and hence that he intended to charge the legacies upon the land.

3. EXECUTORS AND ADMINISTRATORS—POWER OF SALE—RIGHT OF ADMINISTRATOR WITH WILL ANNEXED TO EXERCISE.
    Under a will clearly indicating that testator intended that his land should be sold if necessary to support his widow and to pay the legacies, though he did not imperatively order the executors to sell it, the power of sale vested in the executors passed to the administrator with the will annexed for the purpose of satisfying the legacies after the death of testator's widow.

Action by Hale M. Smith, Lucius C. Durgy's administrator, against Sarah Ann Bush and others. Decree awarded.

E. A. Judd, for plaintiff.

George E. Spring, for defendants Sarah Ann Bush and others.

Fred A. Lewis, guardian ad litem, for infant defendant.

A. J. & J. Knight, for defendant Chauncey Pixley.

POUND, J.  The controversy is over the will of Lucius Durgy, which reads as follows:

"The last will and testament of Lucius C. Durgy, of the town of Bethany county of Genesee and state of New York.

"I, Lucius C. Durgy aware of the uncertainty of life, do make, ordain, publish and declare this my last Will and Testament, in manner and form following, that is to say:

"After the payment of my funeral charges, the expenses of administering my estate and my lawful debts, I give, devise and bequeath my property as follows:

"First: To my lawful wife Betsey A. Durgy the use of all my estate both real and personal for her maintenance and support and should she require or desire any portion of the principal for such support I hereby appropriate the same for her benefit in Lieu of Dower.  2nd. After the decease of my said wife I give my nephews viz. Chauncey & Milo Pixley one hundred dollars each.  3d. To my wife's nephew & niece viz. Fred A. Wait & Mrs. Ella Bentley one hundred dollars each.  4th. To my wife's nephews Wayne Wolcott & Lucius D. Brettell fifty dollars each.  5th. To my wife's niece Kittie Brettell one hundred dollars.  6th. I give to and name as my residuary Legatees my niece Mrs. Sarah Ann Bush and her children now of Farmersville Catts. Co. N. Y. any remainder of my estate.

"Likewise, I make, constitute and appoint Fayette S. Bigelow & my wife Betsey A. Durgy with full power to sell and convey real estate and to serve without giving bonds to be executors of this my last Will and Testament, hereby revoking all former Wills by me made.

"In witness whereof, I have hereunto subscribed my name and affixed my seal the 10th day of April in the year of our Lord one thousand eight hundred and ninety-five.  (1895).                     Lucius C. Durgy. [L. S.]"

Said will was duly admitted to probate by the Surrogate's Court of Genesee county on the 26th day of December, 1899.  Betsey A. Durgy renounced as executrix of said will, and Fayette S. Bigelow, after duly qualifying and acting as executor during his lifetime, died before the commencement of this action, and plaintiff was duly appointed administrator with the said will annexed, and is now acting as such.

The question is whether the general legacies are charged upon the real estate, and, if so, whether the power of sale vested in the executors of said will passes to the administrator with the said will annexed. The testator died on the 14th day of September, 1899, leaving his widow, Betsey A. Durgy, named in said will, him surviving.  She died on the 4th day of November, 1906.  At the time of making said will said testator owned real estate then worth $700 or $800, consisting of a house and lot in the village of Linden, Genesee county, N. Y., and personal property of the value of about $2,800.  He had no debts.  The personal property that came into the hands of the executor was expended under the provisions of the will for the support of the widow, except about $87.  The real estate remains unsold, and is now worth about $675.  Betsey A. Durgy was 79 years old at the time of her death.  She had no means of support aside from the provision made for her in said will.  The general legacies amount to $600.  Whether a legacy is charged upon the real estate of a decedent or not is always

a question of the testator's intention. A general legacy is presumed not to be so charged, in the absence of an express direction to that effect, but, if the intent of the testator as gathered from the provisions of the will interpreted in the light of extrinsic facts so to make such legacies a charge on his real estate is clearly inferable, that is sufficient. Dunham v. Deraismes, 165 N. Y. 65, 58 N. E. 789; Fries v. Osborn, 190 N. Y. 35, 82 N. E. 716. At the time of making his will, the testator owned personal property ample in amount to pay said legacies and leave a considerable surplus, relatively speaking, unless his widow should require or desire the principal for her support, but, should she desire any portion of the principal, he appropriated the same to her benefit. The only limitation upon her right to the same was her desire. Is it not clearly inferable that the testator, at the time of making his will, foresaw what has now come about, viz., that the entire principal of the personal estate would be desired and used by his widow before her death? And, if he did so foresee the possibility of such a happening, is it not reasonable to infer that in such event he intended to give effect to his will and to charge said legacies upon the real estate? The language of the will, construed with the aid of the extraneous circumstances of the case, demonstrates that such was his intention.

As to the capacity of the administrator with the will annexed to exercise the power of sale given by the will, the testator manifestly intended that his real property should be sold, if necessary, to support his widow or to pay the legacies. True, he did not imperatively order the executors to sell the real estate; but such words as "authorize and empower them at their discretion to sell my real estate" have been construed as sufficiently imperative to authorize the exercise of the power by an administrator with the will annexed in default of its exercise by the executors named in the will, where a fair construction of the will indicated the intention of the testator that his real property should be sold and the proceeds divided. Ayers v. Courvoisier, 101 App. Div. 97, 91 N. Y. Supp. 549. In Coann v. Culver, 188 N. Y. 9, 80 N. E. 362, the power of sale was given to one who is described as thereinafter appointed to be executor. The power was not annexed to the office of executor, but conferred upon a person selected by the testator as a matter of personal confidence reposed in him. It was held that it did not pass to the administrator with the will annexed. Gray, J., writing the opinion, says:

"If the power was imperative in its nature, or was distinctively conferred upon the executor as such, it would then pass to an administrator with the will annexed."

The necessary conclusion is that the exercise of the power of sale conferred upon the executors of the above will involves no element of personal discretion, but is a mere incident to the administration of the estate, and that such power may be exercised by the administrator with the will annexed.