BAZENA T. DOWNES, Respondent, *v.* CAROLINA WENNINGER et al., Defendants.

In the Matter of the Application to Compel EDWARD McKIERNAN, Appellant, to Complete His Purchase.

**Real property — title under foreclosure proceedings — when property, at time of foreclosure, was in possession of tenants who were not made parties to the action, the purchaser is not bound to take title — immaterial error in description.**

1. The purchaser of land on sale under foreclosure is not bound to incur the expense of independent proceedings to oust the occupants of the land whatever may be the character of their tenancy.

2. Where the mistake in a description of lands sold on foreclosure consists in the substitution of the word "southwesterly" for the word "southeasterly," the inaccuracy is not such a defect as justifies the purchaser in declining to accept title. (*Brookman* v. *Kurzman*, 94 N. Y. 272, followed.)

3. When at the time of the commencement of a foreclosure suit the property was in the possession of tenants who had not been made parties to the action, the purchaser is not bound to take title.

*Downes* v. *Wenninger*, 150 App. Div. 914, reversed.

(Argued January 7, 1913; decided January 21, 1913.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 4, 1912, which modified and affirmed as modified an order of Special Term granting a motion to compel the appellant herein to complete his purchase.

The facts, so far as material, are stated in the opinion.

*William A. Keating* for appellant. A purchaser at a judicial sale will not be compelled to take a doubtful title, and where defects exist that require further or other action to cure them, he should be relieved from his contract. (2 Bouvier's Law Dict. 732; *Crouter* v. *Crouter,* 133 N. Y. 55; *Jordan* v. *Poillon,* 77 N. Y. 518; *Fleming* v. *Burnham,* 100 N. Y. 1; *Miller* v. *Wright,* 109 N. Y. 194; *Toole* v. *Toole,* 112 N. Y. 333; *Shriver* v. *Shriver,* 86 N. Y. 575; *Heller* v. *Cohen,* 154 N. Y. 299.) The defendant had a right to an indisputable title, not merely a title valid in fact but a marketable title, which could again be sold to a reasonable purchaser, or mortgaged to a person of reasonable prudence as security for a loan of money. (*Moore* v. *Williams,* 115 N. Y. 582; *Todd* v. *U. D. Savings Inst.,* 128 N. Y. 636; *Vought* v. *Williams,* 120 N. Y. 257.) A court of equity will not by its interference compel a purchaser to accept a title unless it is free from all doubts, either as to a matter of fact or law, or if it is so clouded by apparent defects that prudent men knowing the facts would hesitate to take it. (*Brooklyn Park Comm.* v. *Armstrong,* 45 N. Y. 234.) The objection that tenants in possession at the time of the commencement of the action and in possession at the time of closing title had not been made parties to the action, and that possession could not be delivered by virtue of the decree, was sufficient to relieve the purchaser. (*Kopp* v. *Kopp,* 48 Hun, 532; *Remsen* v. *Reese,* 72 Hun, 370.)

*John F. Moroney* for respondent. In construing a description clause in a conveyance, such interpretation

will be adopted as will give effect to the intent of the parties, if it can be ascertained from the instrument. For this purpose any particular may be rejected if inconsistent with other parts of the description, and if sufficient remains to locate the land intended to be conveyed. (*Brookman* v. *Kurzman*, 94 N. Y. 272; *Freedman* v. *Safron*, 131 App. Div. 675; *Jackson* v. *Clark*, 7 Johns. 217; *Robinson* v. *Kine*, 70 N. Y. 254; *Hathaway* v. *Power*, 6 Hill, 454; *Drew* v. *Swift*, 46 N. Y. 204.)

WILLARD BARTLETT, J.   The appellant was the purchaser at a mortgage foreclosure sale.   On the adjourned day fixed for the closing of the title he objected to the title on several grounds, only two of which it is necessary to consider on this appeal.

The first objection was that the description of the property set forth in the mortgage, complaint and judgment could not be identified or reconciled with the description contained in the deed to the mortgagor.   An examination of the description shows that there is no difficulty in ascertaining the boundaries of the property upon three sides thereof; but there is an evident mistake in the description of the fourth line, which is the southerly boundary of the premises.   This boundary is described in the complaint, mortgage and judgment as follows: " Thence southwesterly, deflecting to the left ninety-three degrees, seventeen minutes and eleven seconds (93° 17′ 11″) sixteen feet and six hundred and sixty-seven one-thousandths (16 667/1000) of a foot." The course thus laid down is obviously inaccurate because, if the line runs southwesterly it cannot deflect to the left, and if it deflects to the left, it cannot run southwesterly, but must run in a southeasterly direction.   In brief the mistake in the description consists in the substitution of the word " southwesterly " for the word " southeasterly." This inaccuracy is not such a defect as justified the purchaser in declining to accept title.   In the case of *Brook-*

*man* v. *Kurzman* (94 N. Y. 272) the grantors had title to a parcel of land in the city of New York which would be included in a description of the premises if the word "southeasterly" were changed to "southwesterly" and it was held that the use of the word "southeasterly" in the description was not such a defect as authorized a purchaser to refuse to accept title. We think this objection was properly overruled by the courts below.

The other objection which has been mentioned is more serious and we think justifies the position of the appellant. This is that at the time of the commencement of the foreclosure suit the property was in the possession of two tenants who had not been made parties to the action. It appeared by the affidavit of the attorney for the mortgagor in the foreclosure suit that he was informed and believed that a portion of the premises was occupied on the 2nd day of January, 1910, by a tenant named Bilson and another portion was occupied by a tenant named Aitkin. "Said tenants personally stated to the deponent that they occupied said premises as yearly tenants." The plaintiff's attorney meets this statement not by any denial of the alleged tenancy but merely by a declaration in his affidavit that he is informed and verily believes that the said tenants are monthly tenants.

The importance of the distinction between monthly tenants and yearly tenants is not perceived. We have here a virtual admission that the property is in the occupation of third persons who were not made defendants in the foreclosure action. Whether they were monthly tenants or yearly tenants they were evidently occupants of the property under a claim of right. In the case of *Kopp* v. *Kopp* (48 Hun, 532) the objection of the purchaser that the premises were in possession of a tenant under a lease for five years who was not a party to the action was held to be an insuperable obstacle to an application to compel him to complete. It was argued that the tenant being merely a squatter could be ejected summarily

under the provisions of the Code of Civil Procedure; but Presiding Justice VAN BRUNT, who wrote the opinion of the court, dealt with this point by saying: "This devolves the burden upon the purchaser to establish the fact that the tenant is merely a squatter by independent proceedings, which task he is not bound to undertake. A purchaser must be able to get possession by virtue of the decree, and if independent proceedings are necessary he should not be required to take." (p. 534.) The fact that the legal proceedings necessary to oust a monthly tenant may be less elaborate and costly than those necessary to eject a yearly tenant does not help the plaintiff. The purchaser is not bound to incur the expense of independent proceedings to oust the occupants of the land whatever may be the character of their tenancy. (See *Bullard* v. *Bicknell*, 26 App. Div. 319.)

On account of the second objection which has been considered, the orders of the Appellate Division and the Special Term should be reversed, with costs in all courts, and the motion denied.

CULLEN, Ch. J., WERNER, HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur.

Orders reversed, etc.