Ivor B. Clark, Appellant, v. Riverhead Savings Bank, Respondent.— Action for return of the down payment made on account of the purchase price of certain real property owned by defendant and for the amount expended for a title search. Judgment dismissing the complaint and directing specific performance in favor of defendant reversed on the law, with costs, and judgment directed in favor of plaintiff for the sum of $1,000, the down payment, with interest from February 25, 1939, and $146, the expenses of examining title, with interest from July 17, 1939, together with costs of the action, and dismissing the counterclaim, without costs. Appeal from order denying plaintiff's motion for summary judgment dismissed, without costs. The telephone poles and wires used by the United States Coast Guard constitute an encumbrance on defendant's title. If plaintiff had accepted a deed and sought to remove the poles and wires, he might have become involved in litigation, civil or criminal. This he is not required to do. He is entitled to receive a title free from probable claim by another. (*Downes* v. *Wenninger*, 207 N. Y. 286; *Fossume* v. *Requa*, 218 id. 339; *Chesebro* v. *Moers*, 233 id. 75.) Knowledge of the existence of the poles and wires before the contract was signed does not affect the result. (*Pryor* v. *City of Buffalo*, 197 N. Y. 123, cited in *Fossume* v. *Requa, supra.*) Furthermore, the jurisdiction of the court over necessary parties in the foreclosure suit is not beyond question in view of the alleged defective affidavit upon which an order of publication was granted. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Johnston and Close, JJ., concur; Adel and Taylor, JJ., concur in the dismissal of the appeal from the order denying the motion for summary judgment but dissent from the reversal of the judgment dismissing the complaint and from the direction of a judgment in favor of the defendant and vote to affirm the judgment with the following memorandum: Plaintiff's proof does not show that the mere existence of the telegraph line constitutes a material burden. The complaint alleges that the plaintiff refused to accept the deed tendered, on the ground that the defendant was unable to convey the fee free and clear of all encumbrances by reason of the fact that the property was subject to rights and easements of the Coast Guard and the Coast Guard telephone lines. The proof merely establishes the existence of the wires but fails to prove any right or license to erect or maintain them. The objection to the title in respect to the jurisdiction of the court over the parties in the foreclosure suit is not substantial. The proof was sufficient to warrant the order of publication. Settle order on notice.