Harold M. Spitzer, J.
Motion by the plaintiff in this foreclosure action for an order determining the rights and duties of the Referee and the rights of the purchaser at the foreclosure sale. The real property, the subject of this action, was sold by David A. Kraemer, Esq., the Referee, to Willow Grove Corp., the purchaser, for $40,000 on June 15, 1964 and a memorandum of the sale providing for a closing on July 15,1964 and acknowledging a down payment in the sum of $4,000 was executed by both parties.
The purchaser’s title examination lists as an objection the right of the United States of America to redeem the premises within one year from the date of the sale pursuant to the provisions of section 2410 of title 28 of the United States Code. It is conceded that no reference was made in the notice of sale or the terms of sale at the time of the sale that the premises were sold subject to the right of the United States of America to redeem the property within one year from the date of the sale. The purchaser notified the Referee by certified mail on July 10, 1964 that unless the objection was removed the purchaser would refuse to take the title and would demand the return of the down payment. Thereafter the seller’s attorney contacted the office *451 of the United States Attorney and the Internal Revenue Service for the purpose of obtaining a waiver of the Federal Government’s right of redemption. As of the time of the making of this motion on September 8, 1964 no such waiver had been obtained. By supplemental affidavit dated September 18, 1964, seller’s attorney reported that a report of the Internal Revenue Service recommending the granting of this waiver would probably be forthcoming in from two to four weeks. An additional supplemental affidavit was submitted by seller’s attorneys on October 27, 1964 stating that the Federal Government had agreed to release its right of redemption in consideration of the payment of the sum of $100. The purchaser by affidavit sworn to October 22, 1964 states that the premises have suffered considerable damage and deterioration since the date of the sale.
The issue before this court is whether this right of redemption on the part of the United States of America presents an incumbrance to such an extent that it renders title unmarketable, and, if so, whether the efforts on the part of the seller’s attorneys to remove the objection have consumed such an unreasonable length of time so as to justify a rejection of title by the purchaser and entitle him to the return of his down payment. A purchaser at a foreclosure sale may not be compelled to accept a defective or doubtful title (Foy v. McGarry, 160 App. Div. 329) nor may he be compelled to pay the purchase money until the defect is obviated. (Fryer v. Rockefeller, 63 N. Y. 268; Downes v. Wenninger, 207 N. Y. 286.)
It is the decision of this court that the existence of the right of the United States of America to redeem the premises within one year from the date of sale renders the title to the property unmarketable and that the long delay in clearing title under the facts of this case justifies a rejection of title by the purchaser. The purchaser is therefore relieved of its contract to purchase and the Referee is directed to return the purchaser’s deposit and resell the property after due and proper notice.