DETERMINED IN THE

# FIRST DEPARTMENT

AT

## GENERAL TERM,

### June, 1892.*

LORENZO GULI, Respondent, *v.* JOSEPH I. WEST, Appellant.

*Damages for breach of a contract of sale — how far the amount realized upon a resale of the land is a measure of value.*

Lorenzo Guli, the owner of certain premises in the city of Brooklyn, sold them at public auction to Joseph I. West, who executed a contract for the purchase thereof; no mention of existing monthly tenancies being made in the terms of sale. Upon the ground that there existed these tenancies West refused to carry out the purchase and the premises were subsequently resold subject to the tenancies.

In an action brought by Guli to recover the damages alleged to have resulted from West's breach of contract Guli was allowed to recover the difference between the price at which West agreed to buy and the price realized on the resale of the premises.

*Held,* that this was improper.

That the true measure of damages was the difference between the price agreed to be paid by West and the value of the property.

*Semble,* that if the resale had been made upon the same terms as the original sale, it might, perhaps, have been some evidence of the real value of the premises.

That West was entitled to have the jury charged by the court that, in order that the resale might be used by the jury in ascertaining the measure of damages, it must appear that it had been made under equally favorable circumstances with the first sale.

---

*\* Decisions handed down June 29, 1892.*

APPEAL by the defendant Joseph I. West from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 3d day of February, 1892, upon a verdict for the plaintiff for $1,432, after a trial at the New York Circuit before the court and a jury; and also from an order of said court dated January 29, 1892, denying a motion for a new trial.

*J. H. Henshaw,* for the appellant.

*D. Tim,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages for an alleged breach of contract for the purchase of real estate. The plaintiff, who was the owner of certain premises in the city of Brooklyn, sold the same at public auction in the city of New York to the defendant, who thereupon paid ten per cent on account of said sale and executed a contract for the purchase. The terms of sale were that the premises were sold subject to a certain mortgage thereon and also subject to an agreement relating to property on the east. At the time the title was to be closed the appellant refused to take the same, for the reason that the premises were actually occupied by tenants. It was admitted, upon the part of the plaintiff, that the premises were occupied by tenants, but it was claimed they were allowed to remain because the defendant had told him not to remove the tenants, but to keep them on the premises. On the 16th of July, 1890, the plaintiff resold the premises at auction, but upon different terms of sale, the same being then sold subject to monthly tenants. At this sale the premises brought $1,300 less; whereupon this action was brought to recover damages in the amount of $2,000; and upon the trial, the foregoing facts being established, the jury rendered a verdict in favor of the plaintiff for $1,433.

Upon what theory the jury arrived at this amount it is impossible to determine, but it is, perhaps, unnecessary to inquire in view of the conclusion we have come to in respect to the rights of the parties in the case. The action seems to have been brought and the case substantially tried upon the theory that the plaintiff was entitled to recover, as damages, the difference between the price at which the property sold when bought by the defendant and that

which it brought at the resale. It is true that the court did charge to the jury the correct rule of damage, but the general tenor of the charge was as stated. We are not aware of any such rule of damage, unless there is a provision in the terms of sale (which is not the case here), authorizing such a proceeding for the purpose of determining the damage. The true measure of damage is the difference between the price agreed to be paid by West and the value of the property; and the only evidence offered, upon the part of the plaintiff, to show the value of the property tended to show that the defendant had paid no more than its value at the time when he purchased, and, consequently, the plaintiff suffered no damage. It is true that on the resale the property was sold at a loss; and, perhaps, if the resale had been upon the same terms as the first sale it might have been some evidence to go to the jury as to what the real value was. But, clearly, it was not necessarily the measure of damages as it seems to have been claimed upon the trial below.

The court was requested to charge that, in order that the second sale might be used in ascertaining the measure of damage, it should have been made under equally favorable circumstances with the first sale. This the court declined to charge, leaving it with the jury to say how far the second sale and the price obtained at the second sale was evidence of the value of the property.

We think the defendant was entitled to the charge as requested. If the resale was to be resorted to at all it could only be because the conditions of the resale were the same. The jury could not be permitted to speculate, without any evidence to guide them, as to the effect which occupancy by tenants might have. But, apart from this, the sale to the defendant was without incumbrances, except such as have been mentioned. The property was occupied by monthly tenants. At the time of the closing, objection was made upon this ground. Not the slightest effort was made to remove the objection; but it is claimed that the tenants were allowed to remain because of some vague request upon the part of the defendant.

Upon examination the plaintiff testified: "I had a conversation with Mr. West in which he said that if the tenants were good he would like to have them remain. I don't know whether the statements which he made on that subject were what prevented me from having the tenants move out. If Mr. West had told me to send the tenants away

I would do so, otherwise I would keep them with me." Then follows the statement, "I would have had the tenants move out but for that statement of Mr. West, that they were ready to go."

It is, therefore, apparent that the plaintiff was actuated by no statement of Mr. West in respect to allowing the tenants to remain. It was because Mr. West did not require that the tenants should be moved out, in his conversation with the plaintiff, that the latter concluded that they should be allowed to remain. A party cannot be held to the waiver of a condition of a contract because of loose talk of this character. There is no ground for an estoppel, as the plaintiff himself admitted that his action was not caused by any statement of the defendant in reference to the tenants. It seems to be clear that the plaintiff was acting under a misapprehension, that he had an idea that he could resell the premises and compel the defendant to pay the difference and the expenses of the resale. In this he was clearly mistaken, as no such rule of damages obtains upon public sales unless there is some such provision in the terms of sale.

The proper course for the plaintiff to have pursued would have been, if the tenants were so ready to move out as he claims them to have been, to have procured the vacation of the premises when the defendant refused to take the deed upon that ground, and to have re-tendered the deed or brought his action for specific performance. But he seems to have assumed that the defendant was bound to take this title encumbered by the tenancies as it was, although the contract contained no such provision. It is a significant circumstance, as to the willingness of the tenants to move out, that upon the resale the premises were sold subject to the monthly tenancies.

It is clear that the action was commenced upon a wrong theory and was tried upon a wrong theory, and that an erroneous measure of damages was adopted by the jury.

The judgment should be reversed and a new trial ordered with costs to appellant to abide event.

Patterson and O'Brien, JJ., concurred.

Judgment reversed and new trial ordered with costs to appellant to abide event.