(58 App. Div. 464.)

### GOODWIN v. CROOKS et al.

(Supreme Court, Appellate Division, First Department.    March 22, 1901.)

1. PARTITION—SALE—OBJECTIONS BY PURCHASER—UNKNOWN PARTIES.
    An objection by the purchaser at partition sale that the title was not
    valid, because certain persons who might have an interest in the prem-
    ises if such person existed were not made parties, was of no force;    they
    having been made parties as unknown persons, as required by Code Civ.
    Proc. § 451.

2. SAME.
    The motion of a purchaser at partition sale to be relieved of his bid on
    the ground that the title was invalid, in that a decedent's sisters and
    brothers, who, if living, would have an interest in the property, were not
    made parties, was properly denied;    there being no showing that there
    were such relatives.

3. SAME—LEGACY—INTEREST.
    A legacy does not bear interest until a year from the appointment of an
    administrator.

4. SAME—LEGACY—CHARGE ON LAND.
    On motion by the purchaser at a partition sale to be relieved of his bid
    because of invalidity of the title, the fact that a certain legacy was a
    charge on the land did not warrant the granting of the motion, since, in
    the absence of a showing to the contrary, it would be presumed that there
    was sufficient personal property to pay it.

5. SAME—LEGACY—DISTRIBUTION.
    On partition it appeared that a legatee whose legacy was a charge on
    the land was dead, and the legacy had been distributed between the next
    of kin.    It did not appear that he left a will, or that any administrator
    was ever appointed;    but it was shown that he was a lunatic, and that a
    committee had been appointed for him, and that he had been dead seven
    years.    Held, that an objection to the title by the purchaser at partition
    sale, based on the possibility of the legacy having been bequeathed other-
    wise than as distributed, was without merit.

Appeal from special term, New York county.
    Partition by Mary Goodwin against Jonathan J. Crooks and others.
From an order denying a motion by Hugh Cohn and others, purchas-
ers at a sale under an interlocutory judgment, to be relieved from their
bid (68 N. Y. Supp. 219), they appeal.    Affirmed.
    Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON,
O'BRIEN, and INGRAHAM, JJ.

Herbert S. Ogden, for appellants.

Lucius A. Waldo, for respondent.

RUMSEY, J. This action was brought for the partition of certain lands. Judgment was entered in due form, and the lands were directed to be sold. They were advertised by the referee, and were sold to the appellants, who at the time of closing the contract refused to complete their purchase, and thereupon moved at special term to be relieved from it because of four objections to the title. These objections will be considered in their order, but before proceeding to the consideration of them, it is proper to call attention to the fact that, when a judgment in partition has been entered in due form in a case where the court has acquired jurisdiction of the parties, the presumption is that the judgment is correct, and a person who bids at the sale will not be relieved from his bid unless he states facts tending to show that the objections which he makes have a reasonable foundation. A purchaser cannot justify his refusal to perform his contract by a mere captious objection to the title tendered him. Before he can successfully resist performance of his contract on the ground of defect in the title, there must be at least a reasonable doubt as to the liability,—such a doubt as affects its value, and would interfere with its sale to a reasonable purchaser, and thus render the land unmarketable. Hellreigel v. Manning, 97 N. Y. 56. It is not sufficient in such cases for the purchaser to say simply that certain facts may exist, which, if they do exist, would throw doubt upon the title; but he must at least give some suggestion of evidence to warrant the court in inferring that the defects which invalidate the title do exist, and unless such facts are stated the title will not be impeacehd. Lenehan v. College, 51 App. Div. 535, 64 N. Y. Supp. 868.

The title in this case was derived from James E. Gallagher, who in 1843 made a will which was admitted to probate in 1845. By that will he left all his real and personal property, including the real estate in question, to his wife, Ellen Gallagher, for life, with remainder to be equally divided between the children of John Grady and his relations on his father's side, etc. The first objection to the title is that it does not appear that John Grady is dead, that he is not made a party, and that neither were his children nor his heirs at law. This objection is not founded upon fact. There was evidence which satisfied the referee that he was dead, and as his heirs at law were made parties as unknown persons, pursuant to section 451, Code Civ. Proc., the objection, therefore, is not well taken.

The next objection is that the persons entitled to the interest of one Frederick Ackland are not parties. Ackland married one of the cousins of the testator, who was entitled to an estate in remainder of $1/7$ in these premises. She died, leaving one son, who subsequently died, and thereupon this interest became vested in Frederick Ackland. He afterwards married a daughter of another cousin of James Gallagher, who was entitled to an estate in remainder of $1/36$ in this land. By her he had two children, who were living at the time of her death. These children became the owners of the $1/36$ of which their mother was seised, and at the death of their father they also became pos-

sessed of the $1/7$ of which he died seised. They died without ever having married. The referee determined that their $1/36$ derived from their mother descended to her brothers and sisters. As to that there is no dispute. He also held that the $1/7$ inherited from their father passed to the same persons. It is claimed that this finding is erroneous, because, if Frederick Ackland had brothers and sisters, this $1/7$ interest which his children inherited from him would pass to them, and would only go to the brothers and sisters of their mother in case their father had none. But there is no evidence that he ever had any brothers and sisters, nor is there any presumption of that fact; and the affidavits submitted upon this motion, and which were procured at the request of the appellants, show that Frederick Ackland had no brothers and sisters, and therefore the presumption of the correctness of the judgment which arises from its rendition is strengthened by the extrinsic facts.

James E. Gallagher bequeathed $1,000 of his property to be divided equally between his godsons, Barnard and Edward Hanigan, and he authorized his wife to give $1,000 out of his real and personal property to any one she might see fit to leave it to. She left it to John S. Hanigan. It is objected that these two legacies were charged upon the land, and the judgment so determines, but that a sufficient amount was not reserved out of the proceeds to pay the legacy to John S. Hanigan, and that the incumbrance upon the land was not discharged. Mrs. Gallagher died in 1879, and the appellants claim that this legacy bore interest from that time. In respect of that it may be said, in the first place, that the legacy does not bear interest until one year after the appointment of an administrator. Bradner v. Faulkner, 12 N. Y. 472. As no administrator has been appointed, certainly the legacy has not thus far borne interest. In the next place, although it may be said that the legacy is a charge upon the land, yet, as it does not appear that there is not sufficient personal property to pay it, it is to be presumed that it will be paid out of this personal property, without resorting to the land. Hoes v. Van Hosen, 1 N. Y. 120. In the absence of sufficient proof that there was not enough personal property to satisfy this legacy, bringing the money into court can only be required out of abundant caution, and certainly it does not increase the charge upon the land.

It appeared that Edward Hanigan, who was entitled to one-half of the legacy of $1,000 left by James Gallagher to his godsons, was dead, and that Annie, his wife, had been appointed administratrix. Edward and Barnard Hanigan were brothers. The court had before it the administratrix of Edward Hanigan and the next of kin of Barnard Hanigan, all of whom were parties to the action, and it divided the amount of this legacy among these persons as their interest appeared. It is complained that the court had no power to do this. So far as Edward Hanigan is concerned, there can be no doubt that when his share of the legacy was paid to his administratrix the land was discharged of any other lien upon it. As no administratrix was ever appointed of the estate of Barnard Hanigan, and as it does not appear that he left any will, and as it does appear that he was a lunatic, and that a committee had been appointed for him, and that he has been

dead seven years, it is hardly worth while, in the absence of any proof that there were creditors or any one else entitled to his share, to consider any objection made to this title based upon the possibility that he may have bequeathed this legacy to some one else.

Upon the whole case, we are clear that the title is a good one, and that the purchasers should be compelled to take it; and the order should therefore be affirmed, with $10 costs and disbursements. All concur.