(101 App. Div. 187)

TITLE GUARANTEE & TRUST CO. v. FALLON et al.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. DEEDS—CONVEYANCE TO TRUSTEE—EFFECT.

A conveyance to a person named, followed by the word "trustee," and his heirs and assigns, is an absolute conveyance, and the grantee therein has unlimited power to convey, the word "trustee" being merely descriptive.

2. FORECLOSURE—RELIEF FROM PURCHASE—RIGHT OF PURCHASER.

A purchaser at foreclosure who seeks relief from his purchase because of a defect in the title may rest on a patent defect in the record title, but otherwise he must give evidence justifying his refusal.

3. DEED—RESTRICTIONS—CONSTRUCTION—NATURE OF TITLE ACQUIRED.

A deed describing the land conveyed as subject to the provisions of Laws 1888, p. 1065, c. 583, as amended by Laws 1897. p. 948, c. 702, relating to parks in Brooklyn, and establishing the building line, etc., when in fact it is not within the boundaries of land subject thereto, creates no restriction on the premises.

Appeal from Special Term, Kings County.

Action of foreclosure by the Title Guarantee & Trust Company against John Fallon and others. From an order denying the application of Bernard Klepper for relief from his purchase at the foreclosure sale, he appeals. Affirmed.

91 N.Y.S.—32

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and HOOKER, JJ.

Frank Walling, for appellant.
Edwin Kempton, for respondent.

JENKS, J. This is an appeal by a purchaser at foreclosure from an order denying his motion for relief from his purchase. It appears that the property was once conveyed to "William J. Curtis, trustee," and was conveyed by "William J. Curtis, trustee," to the defendant in this foreclosure. It further appears that the said conveyance from "William J. Curtis, trustee," to the said defendant, was made "subject to the restrictions contained in section 14 of title 16 of chapter 583 of the Laws of 1888, as amended by chapter 702 of the Laws of 1897." It was objected that there was no evidence that the trust under which Curtis took the property was one authorized by the laws of the state of New York, and that the deed from Curtis, trustee, to the said defendant, contains no evidence of the authority of the said Curtis to convey as trustee, nor is there any record thereof or of said trusteeship. It was further objected that the property was conveyed by Curtis to the said defendant under certain restrictions, as I have indicated, while it was sold free and clear, save as to certain assessments, as to which no objection is made.

I think that the motion was rightly denied. The facts that beyond the word "trustee" there was no evidence to establish any trusteeship, that the term was simply "trustee" and not "as trustee," and that the conveyance to Curtis, trustee, ran to his heirs and assigns forever, bring the case within Greenwood Lake & P. J. R. R. Co. v. N. Y. & G. L. R. R. Co., 134 N. Y. 435, 31 N. E. 874. "Trustee" is but descriptio personæ; the conveyance to Curtis, trustee, was absolute, and his power of conveyance was unlimited. See, too, King v. Townshend, 141 N. Y. 358, 36 N. E. 513; Kanenbley v. Volkenberg, 70 App. Div. 97, 75 N. Y. Supp. 8.

As to the alleged restrictions, the purchaser rests upon the clause in the deed, and offers no evidence whatever. The assistant solicitor for the plaintiff deposes that the laws referred to imposed no restrictions upon lots upon the street whereon this lot is situate, or upon this lot, and that there are no restrictions anywhere provided for. It is quite apparent that there is a mistake in the citation of the statute. A reading of the statute itself seems to make it plain that this lot is not within the purview thereof. If a defect is patent in the record of title, the purchaser may rest thereon; otherwise, he must give evidence in justification of his refusal. Goodwin v. Crooks, 58 App. Div. 464, 69 N. Y. Supp. 578; Greenblatt v. Hermann, 144 N. Y. 13, 18, 38 N. E. 966; Simon v. Vanderveer, 155 N. Y. 377, 49 N. E. 1043, 63 Am. St. Rep. 683. I think it clear that mere reference to the statute as if restrictive, when it is not, cannot effectuate a covenant, thereby giving to the statute a scope beyond the legislative intent. See Clark v. N. Y. Life Ins. and Trust Co., 64 N. Y. 33, Platt v. Finck, 60 App. Div. 312, 70 N. Y. Supp. 74. It is suggested that the clause was inserted because the lot at the time was part of a tract through which the streets restricted by the statute ran, and either that the remoteness of that part from those

streets was not considered, or the parties failed to note the streets not restricted, or the clause was left as harmless surplusage.

The order should be affirmed, with $10 costs and disbursements. All concur.