(116 App. Div. 796)

### WANSER v. DE NYSE et al.

(Supreme Court, Appellate Division, Second Department.   January 11, 1907.)

PARTITION—SALE—SUFFICIENCY OF TITLE.
    A purchaser at a partition sale will not be relieved from his contract, because it does not appear from the records that all the heirs at law of a deceased owner were included in the title deeds, where there is no evidence that there are any persons in being who might assert rights to the premises, and they have been held and cultivated by those from whom the title is derived without question for 40 years.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partition, §§ 382, 384.]

Appeal from Special Term.

Action by Richard S. Wanser against John De Nyse and others. From an order requiring Franklin S. Holmes, the purchaser of premises sold under an interlocutory decree, to complete his purchase, and from an order denying his motion of resettlement, he appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

A. P. Bachman, for appellant.
Washington Sackmann, for respondents.

WOODWARD, J.   This action was brought to partition certain premises in the borough of Brooklyn, and under the interlocutory decree the premises were sold by the referee appointed for that purpose to Franklin S. Holmes, who paid 10 per cent. of the purchase price, and undertook to complete the purchase on a given date.   Failing to complete the purchase, a motion was made to compel the purchaser to fulfill his contract, and from the order directing the same, and from an order denying a motion of resettlement, this appeal is taken by the purchaser.

The purchaser upon this appeal insists that he is willing to complete his purchase, but urges that the title offered is not merchantable, inasmuch as, upon a search of the records, it appears that the premises were owned by one Francis Oliver, a colored man, who died intestate

and seised of the same about the year 1844; and while the record shows that subsequently, and in 1865 and 1866, 39 quitclaim and bargain and sale deeds of the premises were recorded in Kings county, it does not affirmatively appear that all of the heirs at law of the said Francis Oliver were included in these title deeds. The purchaser does not attempt to show, by affidavit or otherwise, that there are any persons in being who might assert rights to the premises, and it appears that the premises have been held and cultivated by those from whom the present title is derived without question since the year 1865, and it is difficult to understand how the purchaser can hope to be relieved of his purchase under such circumstances. It appears, on the other hand, by affidavits, that there was an intelligently directed effort on the part of an attorney in the years 1865 and 1866 to secure a good title to the premises from the heirs of Francis Oliver, and that the premises have since been held and cultivated under that title, and, in the absence of some fact tending to show that the rights of all the heirs have not been extinguished, we are unable to discover the existence of such a doubt as to entitle the purchaser to any relief from his contract.

It is probably true that it would have been the better practice for the respondent to have submitted all of his affidavits to the opposing attorney in advance of the argument of the motion; but we do not find that rule 21 of the general rules of practice requires this in this district, and it does not appear to us very important, in view of the fact that the purchaser has not attempted to show any reason why he should not complete his purchase. The rule is that, if a defect is patent in the record of title, the purchaser may rest thereon; otherwise, he must give evidence in justification of his refusal. Title Guarantee & Trust Co. v. Fallon, 101 App. Div. 187, 189, 91 N. Y. Supp. 497. Here there is no defect patent in the record title. There is a mere possibility that all of the heirs at law may not have been found and dealt with in the effort to get a good title back in 1865; and this, it seems to us, is too remote to found a reasonable justification upon for refusing to complete the purchase. See Empire Realty Corporation v. Sayre, 107 App. Div. 415, 418, 95 N. Y. Supp. 371.

The orders appealed from should be affirmed, with costs. All concur.