(118 App. Div. 254)

### LESE v. LAWSON.

(Supreme Court, Appellate Division, First Department. March 15, 1907.)

VENDOR AND PURCHASER—CONTRACT FOR SALE—RIGHT OF VENDEE.

Where, before the day fixed under a contract for the sale of land for the closing of the title, the purchaser learned that there was a tax against the land, and did not appear at that time, and, though the vendor did appear, he was not in a position to comply with his contract because the tax still remained unpaid, and nothing was done for some time, neither making tender of performance, and the purchaser on hearing the vendor had contracted to sell to another sued for the specific performance of his contract, it was error to dismiss the complaint: plaintiff being entitled to some relief in equity, the seller having retained the money paid on the contract.

Appeal from Special Term.

Action by Louis Lese against William M. Lawson, executor. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

John D. Connolly, for appellant.

James S. Lawson, for respondent.

SCOTT, J. Action by a vendee of real estate for specific performance. The plaintiff appeals from a judgment dismissing the complaint. The contract was made on March 1, 1905, and provided for a conveyance of the property free from incumbrance. The title was agreed to be closed on March 31, 1905, but the date of closing was adjourned to April 25th. In the meantime it had come to the knowledge of the vendee that the inheritance tax had not been adjusted and paid on the estate of defendant's testator, and there appears to have been some conversation between the attorneys for the parties relative to the tax and the time at which it could be paid; but their testimony does not agree as to what actually took place. On the adjourned day the defendant attended at the time and place fixed for closing the title, but he was not then in a position to comply with his contract, because the inheritance tax still remained unpaid, and constituted an incumbrance upon the property. The plaintiff did not appear, very probably because he knew that the defendant could not make a conveyance from incumbrance. Nothing was done by either party for some time; neither making a tender of performance to the other, so that neither put the other technically in default. Plaintiff's attorney says that he was waiting for the inheritance matter to be adjusted, and that vendor's attorney had promised to notify him when that had been accomplished. Vendor's attorney denies that he made any such promise, and he and his client appear to have ignored plaintiff and his attorney. In February, 1906, plaintiff, learning that defendant had contracted to sell the property to some one else, began this action.

We are of opinion that, in any view of the facts, the plaintiff was entitled to some relief in equity. The defendant never tendered performance, and plaintiff should not be denied all relief because he omitted to make a tender of performance which would, of necessity, have been futile because, upon the conceded facts, the vendor on the day fixed for closing the title could not perform. It would have been an idle ceremony to have gone to the appointed place and made a formal tender. Looking at the evidence from a point of view most favorable to the defendant, the utmost that can be said is that the parties by their acts mutually abandoned the contract; but, even in this view, the plaintiff is entitled to some relief. It would be highly inequitable that defendant should be permitted to retain the money already paid down upon a contract of which he never tendered performance, and which he could not have fulfilled if demand had been made upon him.

Judgment reversed, and new trial granted, with costs to appellant to abide the result. All concur.