CATHERINE HAISS, Plaintiff, *v.* CHARLES S. SCHMUKLER, Defendant.

Supreme Court, New York Special Term, October, 1923.

Vendor and purchaser — contract for sale of real estate — clause in contract construed as other than a covenant on vendee's part to assume title subject to occupancy of tenant — when vendor will not be relieved of contractual obligations — judgments — summary judgments — action to recover money paid on land contract — Rules of Civil Practice, rule 113, applicable, in part.

Where in a land contract there was nothing which required the vendee to take title subject to any tenancy, a clause in the contract that the " rents if any are to be apportioned " relates only to an adjustment of moneys if there were any rents to be adjusted and the clause cannot be interpreted as a covenant on the part of the vendee to take the title subject to a tenancy or the occupancy of a tenant.

An unsuccessful endeavor of the vendor to eject a tenant in possession of the property at the time of the closing of title, because of the operation of the Emergency Rent Laws, while bespeaking entire good faith on the part of the vendor, did not excuse non-performance of his clear and unambiguous contractual obligation to convey not only a good title but to give possession of the property upon delivery of the deed.

In an action brought by the vendee to recover back the amount paid by her as a deposit at signing of the contract and for expenses incurred, a motion for summary judgment under rule 113 of the Rules of Civil Practice will be granted as to the deposit on the ground that the action might be viewed as one upon an implied contract for money had and received upon a complete failure of consideration and so covered by said rule 113.

As to the balance of plaintiff's claim, an unliquidated sum, no summary judgment can be ordered and as to that the action must be severed and the motion denied to that extent.

MOTION for summary judgment.

*Harold Swain* (*Benjamin G. Bain*, of counsel), for plaintiff.

*Ingraham, Page & Moran*, for defendant.

PROSKAUER, J. On July 17, 1920, plaintiff and defendant entered into a written agreement by which defendant was to convey to plaintiff for $7,500 a dwelling at No. 1961 Cedar avenue, in the Bronx; $1,000 was paid upon the signing of the contract. There was nothing whatever in the contract which required plaintiff to take title subject to any tenancy or occupancy. There is a printed

clause in the contract reading, " rents and interest on mortgages, if any, are to be apportioned," and to which the words " and insurance " have been interpolated in typewriting after the word " mortgages." Defendant contends that an inference is to be drawn from the use of this clause that plaintiff was to take subject to an occupancy. I cannot so construe it. The printed clause, " rents, if any, are to be apportioned," related only to an adjustment of money if there were any rents to be adjusted, and cannot be interpreted as a covenant of plaintiff to take subject to a tenancy or the occupancy of a tenant. At the time set for closing of title there was a tenant in possession. Defendant had sought in vain to eject him and had been prevented from so doing by the operation of the Emergency Rent Laws. While the endeavor of defendant so to fulfill his contract bespeaks entire good faith on his part it cannot serve to excuse his non-performance of a clear and unambiguous contractual obligation. That obligation was to convey not only a good title to the property, but to give possession thereof at the time of the delivery of the deed. *McCool* v. *Jacobus*, 7 Robt. 115; *Fruhauf* v. *Bendheim*, 127 N. Y. 587; *Sugarman* v. *Goldberg*, 100 N. Y. Supp. 1012; *Bullard* v. *Bicknell*, 26 App. Div. 319.

Defendant having failed to carry out his contract plaintiff sues to recover back the $1,000, and also $250 expenses incurred, and moves herein for summary judgment under rule 113 of the Rules of Civil Practice. Obviously no summary judgment can be ordered as to the unliquidated sum of $250, and as to that the action must be severed. As to the liquidated payment of $1,000, however, I am of the opinion that the motion should be granted.

Mr. Justice Burr has already in this very action denied a motion to dismiss the complaint, and thus, in an opinion in which I entirely concur, disposed of defendant's contention that the phrase referring to apportionment of rents has any determining significance. It necessarily follows that if plaintiff was entitled to receive possession from defendant, as I hold she was, she must recover back from defendant the deposit paid upon the signing of the contract.

Defendant contends that this case is not of the kind embraced in rule 113. It may be viewed as an action on the contract itself to recover the amount paid (*Flickinger* v. *Glass*, 222 N. Y. 404), in which aspect it would surely come within rule 113; or, if it be not that, it may certainly be viewed as an action on the implied contract for money had and received upon a complete failure of consideration.

I have recently examined this question in another case and reached the conclusion that where there has been a complete failure of consideration and plaintiff is entitled, therefore, to recover his money back upon the implied contract the action is covered by

rule 113. *Poland Export Corporation* v. *Marcus*, 204 App. Div. 302, is not an authority to the contrary. Indeed in *Gravenhorst* v. *Zimmermann*, 202 App. Div. 819, there was an affirmance of an order granting summary judgment in just such an action, and while that affirmance was reversed in 236 New York, 22, the opinion assumes that the action was of a character embraced in rule 113. Reading the *Poland* case together with the *Gravenhorst* case, I am clear that the Appellate Division did not intend to exclude from the operation of rule 113 a cause of action on the implied contract for money had and received arising from a complete failure of consideration. Applying the test suggested in Mr. Justice Page's opinion in the *Poland* case, such an action would be entitled to a preference under rule 6 of the Trial Term Rules, New York County.

Motion granted as to the sum of $1,000 and interest. The action to be severed as to the remainder of the amount claimed.

Settle order on notice.

Ordered accordingly.