ANNA WARNER, Respondent, *v.* HENRY DOSCHER and Another, Individually and as Executors, etc., of CLAUS DOSCHER, Deceased, Appellants. First Department, May 29, 1925.

Vendor and purchaser — action by purchaser to recover back deposit on ground that title was not marketable — existing tenancies make title unmarketable — alleged statement by auctioneer that sale was subject to tenancies does not obviate objection — purchaser not bound to wait until tenants could be removed — transfer tax lien makes title unmarketable — purchaser not bound to tender balance of purchase price and demand deed — objections not waived by adjournment of closing.

A successful bidder for real property at an auction sale may recover back, on the ground that the title was unmarketable, the deposit made at the time of the

sale, where it appears that the contract stated that the premises would be conveyed free and clear of all incumbrances, and that at the time of the sale and at the time of closing, the property was under lease.

An alleged statement by the auctioneer at the time of the sale that the property was sold subject to existing tenancies does not obviate the objection raised by the purchaser, since there was no proof that he heard the statement, and since the contract itself provided that the property would be conveyed free and clear of all incumbrances.

The contention of the vendor that the purchaser should wait a reasonable time to enable the vendor to remove the tenants is without merit.

The title was unmarketable for the further reason that the premises were subject to a transfer tax lien.

The purchaser was not in default at the time the action was brought by reason of his failure to tender the balance of the purchase money and demand his deed; such a tender was unnecessary for the vendor was not in a position to transfer the property.

The fact that the purchaser may have requested an adjournment of closing does not constitute a waiver of the objections to the title, even though he may have known of the existing tenancies and the transfer tax lien at the time, for he had the right to assume that those incumbrances would be removed before the time for closing the title.

APPEAL by the defendants, Henry Doscher and another, individually and as executors, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of April, 1924, upon a verdict rendered by direction of the court at the New York Trial Term, pursuant to a stipulation that the action be tried without a jury and that a verdict be directed with the same force and effect as though a jury were present.

*Henry F. Cochrane,* for the appellants.

*Henry Hetkin,* for the respondent.

MERRELL, J.:

The action was brought to recover moneys paid by plaintiff's assignor, one Elias Wallach, as a part of the purchase price of four buildings bid off by Wallach at an auction sale conducted by the defendants, appellants, as executors of the estate of Claus Doscher, deceased. The sale was held on October 24, 1923, and at the sale some seventy-two different parcels of property were sold at public auction. There were a large number of persons present at the sale, the auction room being crowded. On this sale plaintiff's assignor bid in four apartment houses and the sum which his assignee recovered herein represented the amounts required by the terms of sale to be paid upon bidding in the properties. Separate terms of sale were made for each parcel, a printed form being used which had been prepared by the defend-

ants, appellants. In the 7th paragraph of the terms of sale it is stated that " Title to premises will be conveyed by an Executors' deed free and clear of all encumbrances." The terms of sale provided that the residue of the purchase money, which amounted to between $20,000 and $30,000, was to be paid by the plaintiff's assignor, the purchaser, to the defendants on or before the 26th day of November, 1923, between ten o'clock in the forenoon and two o'clock in the afternoon, at 2224 Pitkin avenue, in the borough of Brooklyn, city and State of New York, at which time and place the deed would be ready for delivery. A memorandum of purchase attached to the terms of sale was signed by Wallach as purchaser as to each parcel, and there was also indorsed upon each of the terms of sale a receipt for ten per cent of the amount bid by Wallach for the property covered by said terms of sale. These receipts were signed by the executors of the estate of Claus Doscher, deceased, By mutual consent the closing of title which was set for November 26, 1923, was adjourned to December 12, 1923. This adjournment was at the request of plaintiff's assignor made to the defendants four days prior to the date originally set for closing of title. The evidence upon the trial showed that Wallach, plaintiff's assignor, was unfamiliar with either of the properties which he bid in at the sale, never having visited them personally and obtaining his information from a booklet describing the seventy-two pieces sold by the executors at public auction on said date. Wallach testified that he bid on several pieces, but that only four of them were struck off to him. After bidding in the properties, Wallach engaged the Title Guarantee and Trust Company to examine the titles, and after examination made the said trust company refused to insure the title, holding that the titles to the properties were unmarketable because of an outstanding lien for transfer taxes on the estate of Charles Doscher, deceased, which tax had never been fixed or paid. The properties bid in by plaintiff's assignor were sold to the executors, and the deed to said executors described the grantees, not *as* executors, but merely executors of Claus Doscher, deceased. The Title Guarantee and Trust Company refused to insure the title upon the ground that the estate of Charles Doscher, deceased, was subject to tax, and that no tax had been fixed or paid upon the properties which were thus conveyed to him. The position thus taken by the Title Guarantee and Trust Company seems to be supported by the cases of *Title Guarantee & Trust Co.* v. *Fallon* (101 App. Div. 187) and *Pfeiffer* v. *Rheinfrank* (2 id. 574).

The four parcels of property consisted of two- and three-story buildings occupied by various tenants for business and residential

purposes under agreements with the defendants, appellants. On December 12, 1923, the adjourned date for closing the title, Wallach, plaintiff's assignor, refused to take title because of the fact of the transfer tax lien upon the properties and upon the ground that the tenancies of the properties were incumbrances and were not provided for in the terms of sale. Demand was made by plaintiff's assignor for a return of the deposits which he had made, which demand was refused and actions brought to recover the moneys so paid. Subsequently, plaintiff's assignor having refused to take title, the properties were resold at public auction, and on the resale the terms of sale expressly provided that the premises were sold " subject to existing tenancies."

The action was tried as an action at law, the parties stipulating that a jury might be waived, and that the court might direct a verdict as though a jury were present. Upon the trial and upon this appeal the appellants attempt to overcome the objection as to the tenancies constituting incumbrances by the fact that at the auction the auctioneer stated that the premises were sold subject to tenancies. There was no proof whatever in the record that, if made, plaintiff's assignor heard any such statement of the auctioneer. In any event, the court held, I think, properly, that the terms of sale which were afterwards signed by the parties constituted the complete contract, and that any conversation occurring prior to the execution of said terms was incompetent to vary the same. The terms of sale stated that the premises would be conveyed " free and clear of all encumbrances."

The court below attached very little importance to the objection as to the lien of the transfer tax upon the premises and suggested that the appellants could probably obviate such objection and obtain from the Comptroller a waiver of such lien. The court, however, held that the existing tenancies were incumbrances upon the property and that the same could not be removed at the time set for closing the title; that some considerable time would be required in any event to remove the tenants from the properties and to deliver possession thereof free of such incumbrances. Counsel for the appellants conceded that in all probability possession could not be obtained through summary proceedings against the tenants, but suggested that it was likely, by the payment of money to the tenants, they could be bribed into yielding up possession. I do not think there was any merit in this fanciful claim of counsel for the appellant. Plaintiff's assignor was not compelled to wait and upon failure upon the due date to deliver the premises in accordance with the terms of sale he had a right to reject title and to demand the money which he had deposited on bidding in the

properties. The law upon the question of monthly tenancies being incumbrances was settled in the case of *Guli* v. *West* (65 Hun, 1). The opinion in that case was written by Presiding Justice VAN BRUNT, and it was there held that the proper course for the plaintiff to have pursued would have been to procure the premises to be vacated and then tender a deed of the properties to the defendant and upon refusal to accept the same to bring action for specific performance. The case at bar is in the same situation. If the tenants could have been removed through payment of moneys to them or otherwise the executors should have proceeded to regain possession of the properties and then tendered a deed to the purchaser and sued in equity to compel specific performance if the purchaser refused to accept the title thus tendered.

I think the trial court erred in holding that the transfer tax lien was not such an incumbrance as would justify a rejection of title by the purchaser. This court has several times held that an unfixed and unascertained transfer tax renders title to the premises unmarketable. (*Lese* v. *Lawson,* 118 App. Div. 254; *Smith* v. *Browning,* 171 id. 278; affd., 225 N. Y. 358; *Pfeiffer* v. *Rheinfrank,* 2 App. Div. 574; *Title Guarantee & Trust Co.* v. *Fallon,* 101 id. 187.)

The appellants also claim that the purchaser was in default for the reason that he failed to tender the balance of the purchase money and demand his deed. Such a tender was unnecessary from the fact that the defendants, appellants, were not in a position to deliver the deed at the date fixed for closing title. (*Ziehen* v. *Smith,* 148 N. Y. 558; *Lese* v. *Lawson,* 118 App. Div. 254.)

It is also the contention of the appellants that the plaintiff's assignor waived his objection to the so-called incumbrances upon the title to the property by requesting an adjournment on November twenty-second until December twelfth. There is no point to this from the fact that the purchaser at the time he made such request was not called upon to investigate the title or incumbrances. November twenty-second was not the date set for closing title, and even though the plaintiff's assignor may have known of such incumbrances at that time he might well have assumed that they would be removed in the interim before the date set for closing of title. Clearly, the respondent had a right to rely upon the provision in the terms of sale that the defendants would deliver the premises " free and clear of all incumbrances," on the date set for closing title. At the time of requesting such adjournment the respondent's attorney was not in position to doubt the ability of the appellants to deliver the premises free from the tenancies and free from the transfer tax lien.

The judgment appealed from should be affirmed, with costs to the respondent against the appellants.

CLARKE, P. J., FINCH, MARTIN and BURR, JJ., concur

Judgment affirmed, with costs.