left it at the warehouse for storage, surrendering the negotiable receipt and receiving therefor a non-negotiable receipt and paying storage charges in advance. The defendant thereafter took possession of the four cases and removed them to another warehouse alleging that it was entitled to possession of the goods as pledgee.

*George Zabriskie* for appellant.

*Charles A. Rathkopf* and *Joseph G. Grauer* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

ANNA WARNER, Respondent, *v.* HENRY DOSCHER et al., Individually and as Executors of CLAUS DOSCHER, Deceased, Appellants.

*Vendor and purchaser — real property — title — auction sale of real property " free and clear of all encumbrances "— action to recover deposit on ground that unpaid transfer tax upon estate of former owner and existing tenancies were " incumbrances."*

*Warner* v. *Doscher*, 213 App. Div. 117, affirmed.

(Argued December 8, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 15, 1925, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The action was to recover moneys paid by plaintiff's assignor as a part of the purchase price of four buildings bid in by said assignor at an auction sale conducted by the defendants, as executors of the estate of Claus Doscher, deceased. The terms of sale provided: " Title to the premises will be conveyed by an executors' deed free and clear of all encumbrances." The assignor refused to take title on the ground that the estate of Claus Doscher was subject to a transfer tax which had not been fixed or paid, and upon the further ground that existing tenancies of the property constituted incumbrances thereon.

*Henry F. Cochrane* for appellants.

*Harold Swain* and *Henry Hetkin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

CROWN CORSET COMPANY, Respondent, *v.* C. LUDWIG
BAUMANN & COMPANY, Appellant.

*Landlord and tenant — lease — extension under option therein — pro-
vision in original lease that same might be canceled by either party
upon written notice not applicable to extended term.*

*Crown Corset Co.* v. *Baumann & Co.*, 213 App. Div. 113, affirmed.
(Argued December 8, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department entered June 4, 1925, unanimously affirming
a judgment in favor of plaintiff entered upon an order
granting a motion by plaintiff for judgment upon the
pleadings and denying a motion by defendant for a
dismissal of the complaint. The action was to recover
rent. The complaint alleged that plaintiff leased premises
to defendant for four months from the 1st day of May,
1923, the lease containing an option permitting defendant
to extend it to April 30, 1925, which it duly exercised,
and continued in possession of the premises and paid
rent therefor until the end of May, 1924, when it vacated
the premises and refused to pay the rent for the month
of June. The defense was that on March 29, 1924,
defendant served upon plaintiff a notice in writing that
such lease should cease sixty days after such notice and
claimed that thereby the lease was terminated pursuant
to the following provision therein: " It is specifically
agreed by and between the parties hereto that on or
after July 1st, 1923, the landlord may serve notice to
the tenant or the tenant may serve notice to the landlord
that this agreement shall cease and come to an end
sixty days after the receipt of written notice by one