WIJA BUILDING CORPORATION, Respondent, v. KAY-WEI BUILDING CORPORATION, Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs.   Concededly the time fixed by the contract for the closing of the title was adjourned indefinitely.   By the waiver, time, as an essential element of the contract, was removed therefrom, but could have been restored by a reasonable notice demanding performance.   This was not done.   The plaintiff was granted judgment establishing a lien for the amount paid on the contract together with reasonable expenses for searching the title. We are of opinion that there was no insurmountable difficulty in clearing the title and that compliance with the terms of the contract was not beyond the power of appellant   Therefore, the respondent vendee was not relieved of the necessity of making a tender and demand of performance as a condition precedent to the maintenance of an action to recover money paid on the contract, or for damages as for a breach of the contract on the part of the vendor.   (*Ziehen* v. *Smith*, 148 N. Y. 558; *Higgins* v. *Eagleton*, 155 id. 466; *Vandegrift* v. *Cowles Engineering Co.*, 161 id. 435.)   In *Warner* v. *Doscher* (213 App. Div. 117, affd., 241 N. Y. 605) and *Lese* v. *Lawson* (118 App. Div. 254), cited by respondent, the vendee was held not to be in default for failure to make a tender because the title

was so incumbered that it was unmarketable, and tender, therefore, would have been an idle ceremony. The seventh finding of fact is modified by eliminating therefrom the finding that it was agreed that the defendant would record the extension agreement and the reduction certificate and otherwise clear the objections to the title and notify plaintiff's attorney thereof; the eighth by eliminating therefrom the finding that defendant has at all times failed and refused and has not been ready, able and willing to perform the terms of the agreement; and the eleventh and twelfth findings of fact are reversed. New findings consistent with this decision will be made. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur. Settle order on notice.