In the Matter of the Accounting of HANOVER BANK, as Trustee under an Indenture of Trust of J. PIERPONT MORGAN, Respondent. ADELAIDE MILLAR et al., Respondents; NATHANIEL TAYLOR, Guardian ad Litem for JOHN MILLAR and Others, Infants, Appellant.— In a proceeding under article 79 of the Civil Practice Act, the guardian ad litem for certain infants appeals from so much of a final order as (1) held invalid an attempted exercise of a power of appointment, (2) held that the donee of the power died intestate as to the entire trust corpus, and (3) held that such corpus should be divided equally between the donee's son and daughter. Order, insofar as appealed from, unanimously affirmed upon the opinion of the Special Term (203 Misc. 149), with costs to all parties filing briefs, payable out of the trust. Present — Nolan, P. J., Johnston, Adel, MacCrate and Schmidt, JJ.

JOSEPH KLARFELD, Appellant, v. MARY REIL, Respondent.— In an action by the buyer for rescission of a contract for the sale of real property and the return of the deposit and damages, the seller counterclaimed for reformation of the contract so as to include a provision that the premises were to be sold subject to existing tenancies and asked specific performance of the contract as reformed. After trial, Special Term held that there was no need for reformation, dismissed the complaint, and directed specific performance of the contract. The plaintiff appeals from the judgment entered on the decision. Judgment affirmed, with costs. When the entire contract is considered in the light of the known use of the premises by respondent as a rooming house, and the intention of the appellant to continue such use, it is evident that the parties, by providing for the apportionment of rents, and specifically providing for surrender of respondent's apartment only, intended that the appellant should take title subject to tenancies existing at the date of closing. (Cf. *Hagelin* v. *Lehmann*, 100 N. J. L. 322.) Nolan, P. J., Johnston, Adel and MacCrate, JJ., concur. Schmidt, J., dissents and votes to reverse the judgment and to grant judgment for appellant as prayed for in the complaint and to dismiss respondent's counterclaim, with the following memorandum: The contract in this case is for the sale of real estate. It provides for the delivery of a deed free and clear of incumbrances. There are tenants in the premises. Tenancies create an incumbrance. (*Warner* v. *Doscher*, 213 App. Div. 117, affd. 241 N. Y. 605; *Haiss* v. *Schmukler*, 121 Misc. 574.) Respondent, therefore, cannot deliver title in accordance with his contract and by affirming, appellant, who sues to recover the amount of his deposit, might be required to accept a title different from the title he is entitled to receive by the contract. In my opinion, those provisions of the contract which indicate that the parties may have intended to make a contract for the sale, subject to tenancies, do not change the clear and unambiguous language of the contract.